**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DELIO GREGORY MANCE,<br><br>Defendant. | CR 25-120-BLG-WWM-1<br><br>ORDER ADOPING FINDINGS AND RECOMMENDATION AND SETTING SENTENCING HEARING |

Defendant Delio Gregory Mance entered a plea of guilty in open court before United States Magistrate Judge Timothy J. Cavan on December 9, 2025. (Doc. 23). Judge Cavan entered Findings and Recommendation in this matter on December 9, 2025. (Doc. 25). Neither party objected and, therefore, they are not entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

This Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Cavan recommended that this Court accept Defendant Mance's guilty plea after Defendant appeared before him pursuant to Federal Rule of Criminal Procedure 11 and entered his plea of guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), as set forth in Counts 1 and 2 of the Indictment filed against him.

The Court finds no clear error in Judge Cavan's Findings and Recommendation (Doc. 25). Accordingly:

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendation are ADOPTED IN FULL.

Therefore, **IT IS HEREBY ORDERED** that Defendant Mance's motion to change plea (Doc. 19) is GRANTED. Defendant Mance is adjudged guilty as charged in Counts 1 and 2 of the Indictment.

**IT IS FURTHER ORDERED** that:

1.     Sentencing is set for **Friday, April 3, 2026, at 1:00 p.m.** in the James F. Battin Courthouse, 2601 Second Avenue North, Billings, Montana.

2.     The United States Probation Office shall conduct a presentence investigation and prepare a presentence report. Fed. R. Crim. P. 32(c), (d); 18 U.S.C. § 3552(a).

3.      Following completion of the presentence report, the probation officer shall disclose the report (excepting any recommendations of the probation officer) to the Defendant, counsel for the Defendant, and counsel for the government on or before **February 17, 2026**.  The probation officer shall not disclose any recommendation made or to be made to the Court.

4.      If restitution is mandatory, the probation officer shall consider a payment plan for Defendant and shall make recommendations to the Court concerning interest and a payment schedule.

5.      In accordance with USSG § 6A1.2, after receipt of the presentence report and no later than **March 3, 2026**, counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort.  Any requests for extensions of time to present objections to the probation officer must be granted by the Court.  Extensions will not be granted absent compelling reasons.

6.      The Defendant shall present the probation officer with a written letter of acceptance of responsibility, if any, no later than **March 3, 2026**.  Late acceptance letters will not be considered without leave of Court.  *But see* Fed. R.

3

Crim. P. 32(i)(4)(A)(ii) (recognizing that the Defendant has the right to address the Court orally at sentencing).

7.     The presentence report, in final form, shall be delivered to the Court and the parties no later than **March 13, 2026**.

8.     If objections are made to the draft pre-sentence report by one or both parties that are not resolved and counsel wishes the Court to address them, an objecting party shall submit all unresolved objections and a sentencing memorandum to the Court no later than **March 20, 2026**.  The Court will resolve disputes in accordance with U.S.S.G. § 6A1.3 at the sentencing hearing.

9.     If either party intends to have witnesses testify at sentencing, the party must notify the Court and the opposing party, by filing a separate notification document, no later than **March 27, 2026**, of the identity of the witness as well as the scope, purpose, and anticipated duration of the intended testimony.  The requirement that the opposing party be notified of any intended testimony applies regardless of the language of Rule 17(b) contemplating *ex parte* application for witness subpoenas.  Any victim of the Defendant's criminal conduct must be given an opportunity to testify, *see* Fed. R. Crim. P. 32(i)(4)(B); therefore, the notice provision may not serve to preclude testimony from victims.

10.    Without leave of Court, the Defendant may file no more than ten (10) letters of support.  Defendants wishing to file more than ten (10) letters must first seek leave of Court explaining why a greater number is necessary.  Letters in support shall be filed on or before **March 27, 2026**.

11.    Any responses to sentencing memoranda shall be filed on or before **March 27, 2026**.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 23rd day of December, 2025.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE

5